UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SPECIALISTS HOSPITAL-SHREVEPORT, LLC** | **CIV. ACTION NO. 5:21-01748** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JOEY HARPER A.K.A JOEY LYNN HARPER** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to realign the parties, or in the alternative, to sever original demand [doc. # 3] filed by third-party defendant Highmark Western and Northeastern New York, formerly known as HealthNow New York Inc. d/b/a BlueCross BlueShield of Western New York (hereinafter, "HealthNow"). The motion is unopposed. For reasons assigned below, it is recommended that the motion be granted-in-part and denied-in-part.

### Background

On March 5, 2021, Specialists Hospital – Shreveport, LLC ("Specialists") filed suit in the Second Judicial District Court for the Parish of Bienville against Joey Harper, also known as Joey Lynn Harper (hereinafter, "Harper"), to recover an unspecified debt of $140,273.91, plus attorney's fees and judicial interest. (Petition [doc. # 1-6]).

On May 21, 2021, Harper filed an answer to Specialists' petition, together with a third-party demand against HealthNow, wherein Harper explained that his debt to Specialists constituted medical expenses that he incurred when he underwent treatment and, ultimately, back surgery on March 4, 2020. (Ans. and 3rd Party Demand [doc. # 1-7]). Harper added that he was

an insured under his wife's group medical insurance plan, HealthNow, and that HealthNow had preapproved the back surgery and paid the costs for same, but soon thereafter "withdrew" the payments that it had made to Specialists. *Id*. Consequently, Harper asserted that HealthNow breached its contract with him when it failed without just cause to pay the medical bill. *Id*. Harper explained that he detrimentally relied on HealthNow's preapproval for his surgery and treatment. *Id*. Harper seeks judgment against HealthNow for the claims of Specialists that were asserted against him, plus penalties and attorney's fees pursuant to Louisiana Revised Statute § 22:1821(A). *Id*.

On June 21, 2021, third-party defendant, HealthNow, removed the entire case to federal court pursuant to 28 U.S.C. § 1441(c) on the basis that this court enjoys original federal question jurisdiction over the healthcare benefit claims asserted by Harper against HealthNow, which arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. (Notice of Removal).

In the notice of removal, HealthNow acknowledged that in 2019, the Supreme Court held that a third-party defendant could not remove a case to federal court because 28 U.S.C. § 1441(a) only authorizes removal by "the defendant or defendants . . ." *Home Depot U. S. A., Inc. v. Jackson*, ___ U.S. ___, 139 S.Ct. 1743, *reh'g denied,* ___ U.S. ___, 140 S.Ct. 17 (2019) ("*Home Depot*"). To circumvent the seemingly definitive obstacle to removal presented by *Home Depot*, HealthNow stressed that it did not remove under § 1441*(a)*, rather it removed under § 1441*(c)*, which does not limit removal to only a defendant or defendants. Indeed, § 1441(c) provides that,

> **c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes—

> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c).

Ordinary principles of statutory construction dictate that § 1441(c) should be read in *pari materia* with § 1441(a), such that removals that implicate the former provision must also comply with the latter, i.e., limited to removals by a defendant or defendants. *See e.g., Home Depot, supra* ("Interpreting the removal provisions together, we determine that § 1453(b), like § 1441(a), does not permit a third-party counterclaim defendant to remove."). In 1980, however, the Fifth Circuit sanctioned removal by a third-party defendant under § 1441(c) where the third-party complaint stated a "separate and independent" claim which, if sued upon alone, could have been brought in federal court. *Carl Heck Engineers, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) ("*Heck*").[1] The court further recognized that a third-party

---

[1] At the time that *Heck* was decided in 1980, § 1441(c) required the "removable" claim to be "separate and independent" from the joined, but otherwise "non-removable" claim. *See* 28 U.S.C. § 1441(c) (West 1980). As part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress amended § 1441(c) and dropped the "separate and independent" requirement. Instead, the new § 1441(c) applies when a federal question claim

> is joined with a claim that is not itself such a federal question and that is *not within the supplemental jurisdiction of the federal courts*—which is to say that the claim

3

indemnity claim was sufficiently independent that it should be considered "separate and independent" from the main demand. *Id*. Because removal in *Heck* was effected pursuant to § 1441(c), the Fifth Circuit decision arguably withstands the contrary result in *Home Depot*, which focused upon § 1441(a).

Realizing this uncertainty in the law, HealthNow added that,

> [i]n the event this Court finds that HealthNow is not an original defendant who may remove this action, HealthNow files in the alternative and contemporaneous with this Notice of Removal, its Motion to Realign the Parties Or, in the Alternative, Motion to Sever the Original Demand. HealthNow moves to realign the parties according to their real interests or to sever the claim between Harper and HealthNow into a separate suit.  As a result of realignment or severance, HealthNow is a Defendant permitted to remove this matter from state court pursuant [to] 28 U.S.C. § 1441(a) or § 1441(c).

(Notice of Removal).

Neither Specialists, nor Harper filed a response to HealthNow's motion to realign or to sever, and the time to do so has lapsed. *See* Notice of Motion Setting. Accordingly, the motion is deemed unopposed. *Id*.

## Analysis

### I. Waiver and Supplemental Jurisdiction

As an initial matter, the court need not resolve whether the rationale behind the Supreme Court's decision in *Home Depot* materially undermines the Fifth Circuit's holding in *Heck* because removability of the case under § 1441(c) by a third-party defendant represents a defect

---

does not form part of the same case or controversy (under Article III of the United States Constitution) as the federal-question claim.

14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 3722.3 (Rev. 4th ed. 2021) (emphasis added).

in the removal process that Specialists and/or Harper waived when they failed to file a motion to remand within 30 days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of *any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . .") (emphasis added).[2]

The court further observes that § 1441(c) also presupposes joinder of a claim arising, *inter alia*, under the laws of the United States with "a claim **not** within the original or supplemental jurisdiction of the district court . . ." 28 U.S.C. § 1441(c) (emphasis added). It certainly could be argued that Specialists' principal demand against Harper forms part of the same case or controversy as Harper's third-party demand against HealthNow, such that the court could exercise supplemental jurisdiction over that claim.[3] *See, e.g., Lindsay v. Ports Am. Gulfport, Inc.*, Civ. Action No. 16-3054, 2016 WL 3765459, at *8 (E.D. La. July 14, 2016) (third-party claims for contribution and/or indemnification vest the court with supplemental

---

[2] Indeed,

> [o]nly in the case of a lack of subject matter jurisdiction-such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal-may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.

*Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993).

[3] The supplemental jurisdiction statute provides that

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

5

jurisdiction over plaintiffs' claims in the main action); *Zurn Indus., Inc. v. Acton Const. Co., Inc.*, 847 F.2d 234, 238 (5th Cir. 1988) (court has ancillary jurisdiction over additional parties brought in on claims of indemnity). If so, then by its terms, § 1441(c) is inapplicable.

While the court need not resolve this issue for the purpose of removal jurisdiction because it has been waived, *see* discussion, *supra*, the court nonetheless must weigh in because § 1441(c)(2) requires severance and remand of the claim(s) that is not within the original or supplemental jurisdiction of the court. 28 U.S.C. § 1441(c)(2). To this end, there is some authority to suggest that when a claim is "separate and independent" from the claim that conferred original jurisdiction, then the court lacks supplemental jurisdiction over that claim. *See Genusa v. Asbestos Corp. Ltd.*, 18 F.Supp.3d 773, 789 (M.D. La. 2014) (citing *Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 579 (5th Cir. 2006); *see also* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 3722.3 (Rev. 4th ed. 2021) (considerable overlap between a finding that claims are "separate and independent" and that they do *not* share a common nucleus of operative fact, as contemplated by the supplemental jurisdiction statute).

In *Heck*, of course, the Fifth Circuit determined that a third-party indemnity claim *is* "separate and independent" from the principal demand. *See* discussion, *supra*. In the absence of an intervening Fifth Circuit decision providing further guidance and minus a timely challenge to removal jurisdiction by the parties, the undersigned is compelled to follow *Heck* and find that the court does not have supplemental (or original) jurisdiction over the main demand in this case. *See Genusa, supra*.

6

## II.     Federal Question Jurisdiction via ERISA

HealthNow filed its motion to realign the parties or to sever the original demand *in the event* that the court determined that HealthNow was not authorized to remove the case. At this point, the condition precedent for HealthNow's motion cannot come to pass, and consequently, certain aspects of the motion are moot. However, the court still must assure the existence of subject matter jurisdiction.[4] Furthermore, § 1447(c) presumes a claim under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1447(c)(1)(A).

In the notice of removal, HealthNow effectively asserted that the third-party demand was completely preempted by ERISA. *See* Notice of Removal. As recognized by the Fifth Circuit,

> [o]rdinarily, preemption of state law by federal law is a defense to a plaintiff's state law claim, and therefore cannot support federal removal jurisdiction under the "well-pleaded complaint" rule. "Complete preemption," in contrast, exists when the federal law occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character. Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the "well-pleaded complaint" rule.

*Hubbard v. Blue Cross & Blue Shield Ass'n.*, 42 F.3d 942, 945 (5th Cir. 1995) (citations omitted).

With respect to complete preemption, the Supreme Court has held that "'causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) [are] removable to federal court.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2496 (2004)

---

[4] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

(citing, *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1548 (1987)). Moreover, ". . . if an individual, at some point in time, *could have brought his claim under ERISA § 502(a)(1)(B)*, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id*. (emphasis added).

Accordingly, to ensure that the instant suit is subject to complete preemption, and, therefore, removable on the basis of federal question jurisdiction, Harper's claim must seek relief "within the scope of the civil enforcement provisions of § 502(a)." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (*en banc*). Furthermore, under § 502(a) only participants, beneficiaries, fiduciaries, and the Secretary of Labor are empowered to bring civil actions. *See* 29 U.S.C. § 1132(a).

a) <u>Existence of an ERISA Plan</u>

The initial inquiry of course, is whether the subject plan is an ERISA plan. If not, then ERISA does not apply, and jurisdiction is lacking. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 976 (5th Cir. 1991). ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . ." certain benefits, including "medical, surgical, or hospital care severance" benefits. 29 U.S.C. § 1002(1).

In assessing whether an employee benefit arrangement constitutes an "employee welfare benefit plan" the court must "ask whether a plan: (1) exists; (2) [does not fall] within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements

of an ERISA 'employee benefit plan'--establishment or maintenance by an employer intending to benefit employees." *House v. American United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007) (citation omitted); *Wilson v. Kimberly-Clark Corp.*, 254 Fed. App'x. 280 (5th Cir. 2007).[5]

**(1)**

To determine whether the arrangement is a plan, "a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982). Here, there is little question as to the existence of a plan. *See* Aurora Cares LLC d/b/a Tara Cares Employee Benefit Plan, Plan Document and Summary Plan Description. (Notice of Removal, Exh. A) (hereinafter, "AC-TC Plan") (containing, *inter alia*, schedule of benefits, eligibility provisions, enrollment requirements, claims process, appeals process, definitions, ERISA statement of rights, etc.).

**(2)**

The safe-harbor provision excludes plans "if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." *Meredith, supra*. In this case, there is evidence that Aurora Cares LLC d/b/a Tara Cares

---

[5] If the court answers any part of the inquiry in the negative, then the "plan" is not an ERISA plan, and the court need not reach the remaining inquiries. *Peace v. American General Life Ins. Co.*, 462 F.3d 437, 439 (5th Cir. 2006) (citation omitted).

was the plan sponsor for the AC-TC Plan, which provides medical benefits to Aurora Cares LLC d/b/a Tara Cares' and other participating employers' full-time employees and their dependents, including their legal spouses. (AC-TC Plan, pgs. 1, 57, 63; Notice of Removal, Exh. A).[6] Furthermore, at minimum, the participating employer provided funding for benefits under the AC-TC Plan. *Id.*, pgs. 2, 72. Therefore, because at least one of the safe-harbor provisions is not met, the subject plan is not excluded thereby.

**(3)**

Finally, the court must "look to the two primary elements of an ERISA employee welfare benefit plan as defined by the statute: (1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees." *Meredith*, 980 F.2d at 355 (internal quotation marks omitted). "To determine whether an employer 'established or maintained' an employee benefit plan, >the court should focus on the employer and its involvement with the administration of the plan.'" *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 978 (5th Cir. 1991) (quoting *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1452 (5th Cir. 1991)). "[T]he purchase of a policy or multiple policies covering a class of employees offers substantial evidence that [an ERISA] plan, fund, or program has been established." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 242 (5th Cir. 1990).

Here, Aurora Cares LLC d/b/a Tara Cares established a group policy covering a class of employees that provides them with benefits. In addition, Aurora Cares LLC d/b/a Tara Cares is the plan administrator, sole fiduciary, and exercises all discretionary authority to determine

---

[6] Ringgold Nursing and Rehabilitation, the facility where Harper's spouse worked, is listed as an affiliate/subsidiary of Aurora Cares under the AC-TC Plan. *Id.*, pg. 71.

eligibility for benefits under the plan. (AC-TC Plan, pg. 63; Notice of Removal, Exh. A).

Upon consideration of the preliminary evidence before the court, and in the absence of any argument to the contrary, the undersigned concludes that the subject policy is an ERISA plan.

### b) Scope of § 502(a)'s Civil Enforcement Provision

Having determined that the subject policy is an ERISA plan, the court next must determine whether the [third party] plaintiff's cause of action falls within the scope of § 502(a)'s civil enforcement provision. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004).[7] The Supreme Court has framed the inquiry as follows, ". . . if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 209, 124 S.Ct. at 2496. A state law claim is not independent of ERISA if interpretation of the plan terms comprises an essential part of the claim and liability exists only because of the administration of the ERISA plan. *Davila*, 542 U.S. at 213, 124 S.Ct. at 2498. In making this assessment, the court must examine the plaintiff's petition, the statute upon which his claims are

---

[7] ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought C (1) by a participant or beneficiary C . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court explained that "[t]his provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496.

11

based, and the various plan documents. *Davila, supra.*

The court discerns from the third-party demand: state law claims for recovery of medical benefits purportedly due under a group health plan, statutory penalties and fees for failure to timely pay the foregoing benefits under Louisiana Revised Statute § 22:1821, and a claim for detrimental reliance (apparently under Louisiana Civil Code Article 1967) stemming from HealthNow's preauthorization of Harper's back surgery and treatment. Ultimately, whether the claim derives from Louisiana Revised Statute § 22:1821, Louisiana Civil Code Article 1994 for breach of contract, or some other source, the end result is the same. It is manifest that Harper could have brought his claim for failure to pay benefits under ERISA § 502(a)(1)(B).[8]

Furthermore, HealthNow's duty to pay benefits does not arise independently of ERISA or the plan terms. Indeed, there is no indication that § 22:1821 or Article 1994 impose any liability upon HealthNow so long as HealthNow acted in compliance with plan terms. Consequently, consideration and interpretation of plan terms is necessary for a claim for denial of benefits under these state law provisions.

As [the third-party] plaintiff's state law claim for denial of benefits is not entirely independent of the federally regulated contract, it necessarily falls within the scope of ERISA § 502(a)(1)(B) and is thereby completely preempted. *Davila, supra.* The court may exercise subject matter jurisdiction over the third-party claim, via federal question, 28 U.S.C. § 1331. *See*

---

[8] Harper alleged that his wife was a participant under the subject plan and that, as such, he was an insured under the policy. *See* Answer and 3rd Party Demand. Stated differently, Harper contends that he was a plan beneficiary which is defined as ". . . a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

*Arana, supra.*

### III. Severance and Remand

Section 1441(c) provides that upon removal of a civil action that includes a claim arising under the court's federal question jurisdiction, the court *shall* sever and remand to state court, *inter alia*, all claims that were not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute. *See* 28 U.S.C. § 1441(c)(1)-(2). There is nothing to suggest that the foregoing provision is discretionary or waivable by the parties. Accordingly, because the court lacks original and supplemental jurisdiction over the principal/original demand between Specialists and Harper, *see* discussion, *supra*, that claim must be severed and remanded to the state court whence it was removed.[9]

### Conclusion

For the reasons set forth above, the undersigned finds that the subject healthcare plan is an ERISA plan. Furthermore, the third-party plaintiff's cause of action for failure to pay benefits under the plan is completely preempted by ERISA, thereby conferring federal question jurisdiction, 28 U.S.C. § 1331. Nonetheless, the court is obliged to sever and remand the principal/original demand between Specialists and Harper. 28 U.S.C. § 1441(c)(2). Accordingly,

IT IS RECOMMENDED that third-party defendant, HealthNow's motion to realign the parties [doc. # 3] be DENIED.

---

[9] Insofar as HealthNow's realignment argument could be co-opted in an effort to create diversity jurisdiction by realigning Harper as a plaintiff together with Specialists and designating HealthNow as a defendant, the court is not persuaded that realignment is warranted along those lines. If anything, Specialists represents the lone plaintiff who desires to be paid, whether by Harper or by Harper's benefits provider, HealthNow.

IT IS FURTHER RECOMMENDED that HealthNow's alternative motion to sever and remand [doc. # 3] the original/principal demand asserted by Specialists against Harper be GRANTED, and that the severed claim be REMANDED to the Second Judicial District Court for the Parish of Bienville, State of Louisiana, whence it was removed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before she makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 27th day of August, 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE