UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SPECIALISTS HOSPITAL SHREVEPORT LLC | CIVIL ACTION NO. 21-1748 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JOEY HARPER | MAG. JUDGE KAYLA D. MCCLUSKY |

---

### MEMORANDUM RULING

Before the Court is an unopposed motion for summary judgment [Record Document 42] filed by third-party Defendant Highmark Western and Northeastern New York (*f/k/a* HealthNow New York, Inc., *d/b/a* BlueCross BlueShield of Western New York) (hereinafter, "BCBS") For the reasons stated below, BCBS's motion for summary judgment [Record Document 42] is **GRANTED**.

### I. Background

This cause of action arises out of a claim for health insurance benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Tammy Harper ("Mrs. Harper") was employed at Ringgold Nursing and Rehabilitation Center ("Ringgold Nursing"). Record Document 42-2 at ¶ 1. Ringgold Nursing established an employee benefit plan ("the Plan") through Aurora Cares LLC (*d/b/a* Tara Cares) ("Tara Cares") for its employees. *Id.* Tara Cares is the Plan's sponsor and administrator. *Id.* at ¶ 3. Mrs. Harper enrolled herself, her husband Joey Harper ("Mr. Harper"), and their children in the Plan. *Id.*

---

[1] 29 U.S.C. § 1001, et seq.

1

at ¶ 2. At the beginning of 2020, Mrs. Harper took a leave of absence from her employment. *Id.* at ¶ 9.

The Consolidated Omnibus Budget Reconciliation Act ("COBRA")[2] offers employees taking a leave of absence the ability to maintain their coverage if they pay for their portion of the benefit costs. *Id.* The Harpers opted to continue coverage under their Plan. The Harpers were informed of the requirements for continuing coverage under COBRA by BCBS Employee Benefits Manager, Cheryl Yavicoli. The Plan required that "payment [] be received by the 15th day of each month for the current month's coverage [. . . .] Failure to provide timely payments will result in termination of your benefits for the remainder of your leave of absence." *Id.* Mrs. Harper made timely payments on January 9, 2020, and February 6, 2020, but failed to make any further payments. Record Document 42-2 at 3. As a result, the Harpers' COBRA coverage ended on February 29, 2020. Record Document 42-1 at 3. On April 14, 2020, the Harpers were informed that their coverage was terminated and were provided with certifications of coverage for January 1, 2020, through February 29, 2020. *Id.* at 4.

As the Plan's administrator and sponsor, Tara Cares contracted with BCBS for claims processing services. *Id.* at 3. In February 2020, Mr. Harper was preapproved by BCBS to receive lumbar surgery. *Id.* at 4. This preapproval was subject to the "terms and conditions of [Mr. Harper's] contract in effect at the time services [were] provided." *Id. See also* Record Document 35 at 103-106. On March 4, 2020, Mr. Harper underwent surgery at

---

[2] 29 U.S.C. § 1162(2)(C).

Specialists Hospital-Shreveport, LLC ("Specialists Hospital"). *Id.* Specialists Hospital filed suit against Mr. Harper for $140,273.92 in unpaid debt related to his surgery. *Id.*

Before the case was removed to federal court, Mr. Harper filed a third-party demand against BCBS, alleging that it breached the Plan's terms by refusing to pay any expenses arising out of Mr. Harper's surgery. *Id.* The Court severed and remanded the original action filed by Specialists Hospital, but found that it maintained jurisdiction over Mr. Harper's third-party cause of action against BCBS because the Plan was determined to be governed by ERISA. Record Document 21. Magistrate Judge McClusky entered an ERISA case order to facilitate the efficient progression of the case. *See* Record Document 28. The case order directed Mr. Harper to file a motion for summary judgment by May 25, 2022. *Id.* The administrative record [Record Document 35] was deemed complete on April 26, 2022. *See* Record Document 39. To date, Mr. Harper has failed to file a motion for summary judgment. BCBS's foregoing motion seeks dismissal of Mr. Harper's claims. Record Document 42.

II. **Law and Analysis**

    a. **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce

3

evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23. "In ERISA cases, courts generally cannot consider evidence outside the administrative record." *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 515-516 (5th Cir. 2010) (citing *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 395 n.3 (5th Cir. 2006)). Here, the administrative record is comprised of the Plan, a notice of discrimination, a letter informing Mr. Harper that his coverage for his lumbar surgery was denied, a letter informing Mr. Harper that he was pre-authorized for lumbar surgery, a subscriber member report, letters notifying the Harpers that their coverage was terminated, and certificates of group health plan coverage. *See* Record Document 35.

A motion for summary judgment cannot be granted solely because it is unopposed, but the court may consider the facts to be undisputed. *See* Fed. R. Civ. P. 56(e)(2); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### b. Delegation of Authority

BCBS argues that the Court should grant summary judgment in its favor because it did not have the authority to determine eligibility or coverage under the Plan, and thus, is the improper party for a denial or termination of benefits claim. Record Document 42-1 at 6. Even if it did have the authority, BCBS argues that Mr. Harper's coverage was properly terminated. *Id.* at 8.

ERISA provides a plan participant or beneficiary with a cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Court reviews an ERISA claim in the same way "it would [review] any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent." *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13 (1989) (citations omitted). The Court must first determine whether Tara Cares delegated its authority to BCBS to deny Mr. Harper's coverage.

A third-party provider is a fiduciary to an ERISA plan if it "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of [the plan's] assets . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(i-iii). The Fifth Circuit "gives the term fiduciary a liberal construction in keeping with the remedial purpose of ERISA." *Humana Health Plan, Inc. v. Nguyen*, 785 F.3d 1023, 1027 (5th Cir. 2015) (quoting *Reich v. Lancaster*, 55 F.3d 1034, 1046 (5th Cir. 1995)) (internal marks omitted). Third-party

5

providers are not making discretionary decisions when they make recommendations about decisions pertaining to a plan, interpret processes or procedures created by an authorized individual, or draft reports pertaining to a plan member's benefits. *Id.* (quoting C.F.R. § 2509.75-8 at D-2).

As previously mentioned, BCBS represents that Tara Cares did not delegate its authority to determine plan eligibility or coverage. Record Document 42-1 at 6. In support of this assertion, BCBS cites to language contained in the Plan, which states that Tara Cares maintains the sole authority to make any discretionary decisions pertaining to the Plan:

> The *plan administrator*, [Tara Cares], is the sole fiduciary of the Plan, and exercises all discretionary authority and control over the administration of the Plan and the management and disposition of the Plan assets. The *plan administrator* shall have the sole discretionary authority to determine eligibility for Plan benefits or to construe the terms of the Plan.
>
> The plan administrator *shall* be the sole determiner of all matters concerning medical benefits and coverage under this Plan. The *plan administrator* shall have broad discretion in interpreting the provisions of this Plan, which discretion shall be exercised in good faith. The *plan administrator's* discretionary authority includes, but is not limited to, resolving questions of coverage and benefits, determining matters relating to eligibility, deciding questions of administration, and deciding other questions under the Plan.

*Id.* (emphasis in original) (quoting Record Document 35 at 84, 93). BCBS also argues that it did not have the authority to end the Harpers' coverage because of non-payment, make claim payments, or determine whether something is covered under the Plan. *Id.* at 11-12.

The Court independently reviewed the administrative record, focusing on the letters sent to the Harpers by BCBS. The Court disagrees with BCBS's assertion that it is not a fiduciary. Specifically, in letters sent to the Harpers from BCBS—the letter informing Mr. Harper about his lumbar surgery, the letter denying coverage for Mr. Harper's surgery, and

6

the letters informing the Harpers that their coverage has been terminated—BCBS identifies itself as the decision-making entity. The letters are on BCBS letterhead. *See* Record Document 35 at 99-106, 109-110, 112-113, 115-116, 118-119. The letters are all signed by an employee of the company; the preapproval letter and denial of coverage are signed by Louis Irmisch, M.D., Medical Director at BCBS, and the termination of coverage letters are signed by Marisa Kelm, Senior Director of Customer Service at BCBS. *Id.* They also include language such as "[t]his letter is to explain why *we* are denying this request," "[t]his is *our* adverse determination," and "*[w]e* have determined that the proposed prior authorization request . . . is/are medically necessary." *Id.* at 99-103 (emphasis added). Most tellingly, the certificates of group health plan coverage list BCBS as the Plan's administrator. *Id.* at 111, 114, 117, 120.

Considering the foregoing, the Court finds that BCBS was acting as a fiduciary of Tara Cares and was delegated discretionary authority to make determinations about coverage. The Court will now turn to whether BCBS abused its discretion in terminating the Harpers' coverage.

### c. Denial of Coverage

"When an ERISA plan lawfully delegates discretionary authority to the plan administrator, a court reviewing the denial of a claim is limited to assessing whether the administrator abused that discretion." *Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 247 (5th Cir. 2018) (en banc) (citing *Firestone Tire and Rubber Co.*, 489 U.S. at 115). The Fifth Circuit employs a two-step analysis to determine a party's challenge to the denial of his or her claim for benefits. *See Gomez v. Ericsson, Inc.*, 828 F.3d 367, 373 (5th

Cir. 2016). First, a court must "determine whether the administrator's decision is legally correct." *Id.* (citing *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 257 (5th Cir. 2009)). If so, then the court's analysis ends. *Id.* If a court determines that the decision was not legally correct, then it must determine whether the administrator abused his discretion. *Stone*, 570 F.3d at 257. In determining whether a plan is legally correct, a court considers "(1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan." *Id.* at 258 (quoting *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir. 2008)).

Pursuant to 29 U.S.C. § 1162(2)(C), to maintain coverage under COBRA, "[t]he payment of any premium . . . shall be considered to be timely if made within 30 days after the date due." The Plan's payment terms—which require payments to be made by the fifteenth day of every month to maintain coverage—are consistent with the statutory requirements for COBRA coverage. Absent any contradictory evidence or argument, there is no indication that the Harpers were subject to a plan with any unique construction or terms. Further, the Court has been presented with no information pertaining to unanticipated costs or different interpretations of the Plan. Ultimately, the Plan's terms were clear: the Harpers were to pay their premiums by the fifteenth day of every month to maintain coverage for that month. The Harpers' two payments provided them coverage for January and February. They never attempted to make another payment after that, which resulted in the termination of their coverage under the Plan. BCBS's termination of the Harpers'

coverage was not an abuse of discretion. Accordingly, BCBS's motion for summary judgment [Record Document 42] must be granted.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that BCBS's motion for summary judgment [Record Document 42] is **GRANTED** and Mr. Harper's claims are hereby **DISMISSED WITH PREJUDICE**. A judgment will be issued alongside this ruling.

**THUS DONE AND SIGNED** this 15th day of August, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE